UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA


United States of America,     )
                              )
            Plaintiff,        )
                              )
        vs.                   ) File No. 1:24-cr-216
                              )
Targa Badlands LLC,           )
                              )
            Defendant.        )


TRANSCRIPT OF CHANGE OF PLEA



Taken at
United States Courthouse
Bismarck, North Dakota
February 18, 2025



BEFORE THE HONORABLE DANIEL M. TRAYNOR
-- UNITED STATES DISTRICT COURT JUDGE --



Ronda L. Colby, RPR, CRR, RMR
U.S. District Court Reporter
220 East Rosser Avenue
Bismarck, ND  58501
701-530-2309
Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

<u>APPEARANCES</u>

Mr. Jonathan O'Konek
U.S. Attorney's Office
220 East Rosser Avenue, Suite 372
Bismarck, North Dakota  58502-0699

                        FOR THE UNITED STATES

            - - - - - - - - - -

Mr. Kevin Collins
Bracewell LLP
111 Congress Avenue, Suite 2300
Austin, Texas  78701

                        FOR THE DEFENDANT


            - - - - - - - - - -


Certificate of Court Reporter - Page 22

1          (The above-entitled matter came before the Court, the

2    Honorable Daniel M. Traynor, United States District Court

3    Judge, presiding, commencing at 3:33 p.m., Tuesday,

4    February 18, 2025, in the United States Courthouse, Bismarck,

5    North Dakota.  The following proceedings were had and made of

6    record in open court with the defendant present:)

7                    ---------------

8          THE COURT:  We'll open the record in the United

9    States of America versus Targa Badlands LLC, civil case

10   number -- or Criminal Case Number 24-cr-216.  I'm District

11   Judge Dan Traynor.

12         Will counsel for the United States of America

13   identify himself for the record?

14         MR. O'KONEK:  Good afternoon, Your Honor.  Jonathan

15   O'Konek on behalf of the United States.

16         THE COURT:  Good afternoon, Mr. O'Konek.

17         And defense counsel?

18         MR. COLLINS:  Good afternoon, Your Honor.  Kevin

19   Collins on behalf of defendant, Targa Badlands LLC.

20         THE COURT:  Good afternoon, Mr. Collins.

21         And we are here regarding a single-count information

22   charging the defendant with a Clean Air Act NESHAP ZZZZ

23   violation.  I have been provided with a waiver of indictment

24   document signed by Mr. Collins and also John --

25         MR. COLLINS:  Laeger.

1          THE COURT:  -- Laeger.

2          All right.  Mr. Laeger, you've been advised by

3   Mr. Collins that your company for which you are the

4   representative has a right to be charged through an indictment

5   issued by the United States?

6          THE DEFENDANT:  I have, Your Honor.

7          THE COURT:  And this document appears to indicate

8   that you are willing to waive that right --

9          THE DEFENDANT:  Yes.

10          THE COURT:  -- on behalf of Targa Badlands LLC?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  And do you want me to acknowledge your

13   waiver in open court today?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  I will do so.

16          I have been provided and I note for the record that

17   you are the authorized representative to appear on behalf of

18   Targa Badlands LLC; is that the case?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Then I will ask that you stand -- and is

21   it your -- Mr. Collins, is it your client's intention that

22   Targa Badlands change its plea here this afternoon?

23          MR. COLLINS:  It is, Your Honor.

24          THE COURT:  All right.  Well, sir, I'll ask that you

25   stand and raise your right hand; I'm going to have you sworn

1   in.

2           (The defendant is sworn to tell the truth by the

3   clerk.)

4           THE COURT:  You may be seated.

5           You understand, sir, that you are now under oath and

6   if you answer any of my questions falsely, your answer may

7   later be used against you in another prosecution for perjury or

8   for making a false statement?

9           THE DEFENDANT:  I do.

10          THE COURT:  What is your full name?

11          THE DEFENDANT:  John Laeger.

12          THE COURT:  Mr. Laeger, how old are you?

13          THE DEFENDANT:  46 years old.

14          THE COURT:  And can you read and write?

15          THE DEFENDANT:  I can.

16          THE COURT:  Have you been treated recently for any

17  mental illness or addiction to a narcotic drug of any kind?

18          THE DEFENDANT:  I have not.

19          THE COURT:  Are you under the influence of any drug,

20  medication or alcohol?

21          THE DEFENDANT:  No.

22          THE COURT:  Have you taken anything that would impair

23  your ability to understand the nature of the proceeding that

24  we're having here this afternoon?

25          THE DEFENDANT:  No.

1          THE COURT:  Why are we here?

2          THE DEFENDANT:  To plead guilty.

3          THE COURT:  Did you receive a copy of the information

4    pending against Targa Badlands LLC?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And do you understand that to be the

7    written charges made against Targa Badlands LLC in this case?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  And have you had an opportunity to

10   discuss those charges and this case in general with

11   Mr. Collins, your attorney?

12         THE DEFENDANT:  I have.

13         THE COURT:  Are you fully satisfied with the counsel,

14   representation, and advice given to you in this case by

15   Mr. Collins?

16         THE DEFENDANT:  Yes, I am.

17         THE COURT:  With regard to the plea agreement that's

18   been filed on the record, did you read it?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Did you understand what you read?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  For those things that you did not

23   understand or the Board was unfamiliar with, were you able to

24   consult and talk with your attorney, Mr. Collins, about the

25   terms of the agreement?

1           THE DEFENDANT:  Yes.

2           THE COURT:  And did he fully explain the agreement to

3 you in a form that you were able to understand?

4           THE DEFENDANT:  He did, yes.

5           THE COURT:  And did that all occur before the plea

6 agreement was signed and entered into by you on behalf of Targa

7 Badlands LLC?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  Has anyone made any promise or assurance

10 to you that is not contained in the plea agreement to persuade

11 you to accept it?

12           THE DEFENDANT:  No, sir.

13           THE COURT:  Has anybody threatened you in any way to

14 force you to come to court today to plead guilty.

15           THE DEFENDANT:  No, sir.

16           THE COURT:  Mr. O'Konek, would you review the terms

17 of the plea agreement between the United States of America and

18 Targa Badlands LLC?

19           MR. O'KONEK:  Yes, Your Honor.

20           Targa Badlands LLC will be pleading guilty to the

21 sole count of the information which charges them with a single

22 violation of the Clean Air Act, specifically a violation of

23 quad Z -- ZZZZ -- of NESHAP, which is the National Emissions

24 Standards for Hazardous Air Pollutants, in violation of 42

25 United States Code, Section 7413 Charlie (1), and 40 C.F.R.,

1  Section 63.6625 Bravo for failing to install a continuous

2  parameter monitoring system on two engines on its natural gas

3  compressor station on the Fort Berthold Indian Reservation.

4        This count carries a maximum punishment of 5 years'

5  imprisonment, which is inapplicable for an organization; a

6  $500,000 fine because under 18 U.S.C., Section 3571(c)(3) it

7  doubles the penalty for an organization; 3 years of supervised

8  release, again, inapplicable for an organization; 5 years of

9  probation; and $400 mandatory special assessment.

10        As noted in the plea agreement, since Targa Badlands

11  LLC is an organization, sentencing guidelines apply under

12  8A1.1.  And if you go through the factors to be considered

13  because this is an environmental violation, ultimately the

14  Court would be looking at the remedying of harms from criminal

15  conduct -- fines, organizational probation, and special

16  assessment forfeitures and costs.  And what the Sentencing

17  Guidelines really say is at the end the Court needs to apply

18  the 18 U.S.C. Section 3553(a) factors to come to an appropriate

19  punishment along with 18 U.S.C. Section 3572 to determine an

20  appropriate fine in this case.  So although the Sentencing

21  Guidelines are applicable under Chapter 8A1, the real factors

22  the Court will have to apply will be the 3553(a) factors to

23  determine an appropriate sentence.

24        In terms of the plea agreement, the United States and

25  Targa Badlands LLC will jointly recommend that the defendant

1  serve three years of probation, pay a $500,000 fine, that Targa

2  Badlands LLC comply with the terms of a forthcoming EPA

3  Administrative Consent Agreement, and perform 500 hours of

4  community service to the Mandan, Hidatsa, Arikara at MHA Nation

5  on the Fort Berthold Indian Reservation, and pay the $400

6  special assessment.

7          As part of this plea agreement, the United States has

8  agreed not to charge any additional Clean Air Act violations

9  from October 15, 2018, to December 18, 2024, and cannot charge

10  Targa Badlands LLC or its parent entities or officers,

11  directors, agents with any additional Clean Air Act violations.

12          THE COURT:  All right.  Thank you, Mr. O'Konek.

13          Mr. Collins, anything that you'd like to add to that

14  review of the plea agreement?

15          MR. COLLINS:  No, Your Honor.  I agree with

16  Mr. O'Konek's statement.

17          THE COURT:  All right.  Mr. Laeger, do you have a

18  copy of the plea agreement with you in court today?

19          THE DEFENDANT:  I do.

20          THE COURT:  Let's go through it together.

21          Paragraph 1 on page 1 sets out the charge in the

22  information.  It accuses your company of violating Title 42 of

23  the United States Code which is federal law.  It also accuses

24  you of violating a provision of the Code of Federal Regulations

25  which is also federal law.

1          Have you had an opportunity to review the

2   information, review those provisions of the United States Code,

3   and the Code of Federal Regulations and discuss all of this

4   fully with your attorney?

5          THE DEFENDANT:  I have.

6          THE COURT:  Paragraph 4 indicates you're voluntarily

7   pleading guilty to the sole count of the information, the Clean

8   Air Act - NESHAP ZZZZ violation.  Is that your understanding of

9   the deal that you've worked out with the United States?  That

10  you are being charged with an information, you are pleading

11  guilty to the one charge in that information, and you're doing

12  it voluntarily?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Paragraph 5 indicates that this is a

15  non-binding plea agreement.  Do you see where it says that?

16         THE DEFENDANT:  I do.

17         THE COURT:  Do you understand what that means?

18         THE DEFENDANT:  I do.

19         THE COURT:  All right.  Tell me what it means.

20         THE DEFENDANT:  Basically it's at your discretion, I

21  think, the Court's discretion whether to agree or accept the

22  agreement is my fundamental understanding.

23         THE COURT:  Correct.  And then it's also my

24  discretion as to the sentencing that I may provide.  So, for

25  instance, you are jointly recommending a $500,000 sentence --

1  fine but I may decide that it should be up higher or lower

2  based upon my discretion.  And essentially when you plead

3  guilty -- because that's all we're doing today -- you're

4  putting your fate in my hands or the Targa Badlands' fate in my

5  hands with regard to sentencing.  And what you can't do is you

6  can't come back later and take your change of plea back because

7  you didn't like the sentence that I give your company.  Do you

8  understand that?

9          THE DEFENDANT:  I do, yes.

10          THE COURT:  Paragraph 6 sets out the facts that the

11  Government would present and prove up at trial to establish

12  Targa Badlands' guilt with regard to the Clean Air Act

13  violation.  Have you had an opportunity to review the facts

14  stated in paragraph 6?

15          THE DEFENDANT:  I have, Your Honor.

16          THE COURT:  Are there any facts you wish to dispute

17  on the record here this afternoon?

18          THE DEFENDANT:  No.

19          THE COURT:  Are the facts generally true and correct

20  as stated in paragraph 6?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Paragraph 7 sets out the maximum

23  penalties for a plea of guilt or a finding of guilt by a judge

24  or jury with regard to that one count in the information.

25  Mr. Laeger, do you understand that if you plead guilty here

1  today, I can send -- the sentence calls for imprisonment of up

2  to five years, although we agree that it is likely inapplicable

3  for an organization, but do you understand that the maximum is

4  a five-year prison term?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Do you understand that the maximum fine

7  is $500,000?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that I can require

10  restitution?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Do you understand that I can require

13  supervised release although, again, that is inapplicable for an

14  organization?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Do you understand that I can require

17  supervision -- or probation, excuse me, of five years?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  And do you understand that there is a

20  $400 special assessment that I must impose from the

21  organization for pleading guilty to the information?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Do you understand that the organization

24  has certain rights in the United States?  The right to a

25  speedy, public jury trial?

1          THE DEFENDANT:  I do.

2          THE COURT:  But if the organization pleads guilty

3    here this afternoon, you give up that right.  Do you understand

4    that?

5          THE DEFENDANT:  I understand that, yes.

6          THE COURT:  If we were to have a jury trial, 12

7    laypersons selected at random would be seated over in the jury

8    box.  You and Mr. Collins would help to select them by removing

9    jurors for cause where there's actual bias or prejudices shown

10   and you can remove other jurors you may not like by using

11   peremptory challenges.  Once the jury is seated and sworn in, I

12   would instruct them that you are -- your organization is

13   presumed innocent and they can't find the organization guilty

14   unless they all agree unanimously that the organization is

15   guilty beyond a reasonable doubt which is a higher standard of

16   proof.  Do you understand that all of those rights are

17   applicable to the organization?

18         THE DEFENDANT:  I do, Your Honor.

19         THE COURT:  And do you understand that if you plead

20   guilty here this afternoon, you give up each and every one of

21   those rights?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  You can also waive your right to a jury

24   trial, persist in your not guilty plea and require a judge like

25   me to decide whether you are guilty or not guilty using that

1  same standard of proof beyond a reasonable doubt.  Do you

2  understand that you can have a trial before a judge as I've

3  just described?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  But if you plead guilty here this

6  afternoon, you give that right up as well.  Do you understand

7  that?

8          THE DEFENDANT:  I do.

9          THE COURT:  If we were to have a trial before a judge

10  or a jury, the United States is required to present witnesses

11  and other evidence against your company.  You have the right to

12  confront and cross-examine those witnesses.  You can challenge

13  the Government's evidence in their case against your company

14  and even though you have no obligation to do so, you can

15  present your own case on your own behalf and call your own

16  witnesses, even using the Court's subpoena power to compel

17  people to testify.  Do you understand that you have all of

18  those additional rights?

19          THE DEFENDANT:  I do.

20          THE COURT:  And do you understand that you give those

21  up as well if you plead guilty here this afternoon?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  You also have a privilege against

24  self-incrimination, that means no one can force you to testify.

25  But if you plead guilty here this afternoon, do you understand

1  that by pleading guilty you incriminate yourself and your

2  company and you give up that privilege at the moment that you

3  plead guilty?

4          THE DEFENDANT:  I understand, yes.

5          THE COURT:  And, finally, do you understand that you

6  have the right to remain silent?

7          THE DEFENDANT:  I do.

8          THE COURT:  But if you plead guilty here this

9  afternoon, I'm going to ask you to admit and acknowledge the

10  facts alleged against you in paragraph 6, those additional

11  facts that Mr. O'Konek puts on the record here this afternoon;

12  and so you'll be giving up your right to remain silent as well.

13  Do you understand that?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Did you have an opportunity in

16  discussions with your attorney to discuss the United States

17  Sentencing Commission Guidelines?

18          THE DEFENDANT:  I did, Your Honor.

19          THE COURT:  And in your discussions with your

20  attorney, did you discuss the Sentencing Guidelines and the

21  calculations and the factors that the Court would consider as

22  part of its determination as to an appropriate sentence here?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  And do you have a general understanding

25  of the Sentencing Guidelines and how they might work in your

1  case?

2  THE DEFENDANT:  Yes.

3  THE COURT:  Do you also understand that as part of a

4  plea agreement and as part of this proceeding here today that

5  you are waiving or giving up your right to an appeal?

6  THE DEFENDANT:  I do, Your Honor.

7  THE COURT:  Do you understand that that even includes

8  challenges to this very change of plea hearing that we're

9  having right here, right now?  If you change your plea and I

10 accept the change of plea, you give up your right to challenge

11 this change of plea hearing at an appeals court.  Do you

12 understand?

13 THE DEFENDANT:  Yes, Your Honor.

14 THE COURT:  You're reserving two avenues of appeal:

15 One, if I sentence you above the sentencing guideline range,

16 and then also if you have a claim of ineffective assistance of

17 counsel.  Those are the only two avenues of appeal that you

18 have retained.  Do you understand that?

19 THE DEFENDANT:  Yes, Your Honor.

20 THE COURT:  Mr. Laeger, this plea agreement appears

21 to be 12 pages.  It looks like your signature is on the second

22 line of page 12; is that your signature?

23 THE DEFENDANT:  Yes, Your Honor.

24 THE COURT:  And did you sign it on behalf of and for

25 Targa Badlands LLC as the authorized corporate representative

1   to appear in this proceeding?

2                   THE DEFENDANT:  Hold on a second.

3                   MR. COLLINS:  Your Honor, I'm sorry to interrupt.

4   Another officer of the company who's present in the courtroom

5   today actually executed the plea agreement.

6                   THE COURT:  All right.

7                   MR. COLLINS:  It's Jerry Shrader.

8                   THE COURT:  All right.  Did Mr. Shrader have

9   authority from the corporation to execute this plea agreement

10  on behalf of Targa Badlands LLC?

11                  THE DEFENDANT:  Yes, Your Honor.

12                  THE COURT:  All right.  And then did Mr. Collins, as

13  your -- the attorney for the corporation, then execute the plea

14  agreement, all on December 16 of 2024?

15                  THE DEFENDANT:  Yes, Your Honor.

16                  THE COURT:  There's been a plea agreement supplement

17  filed in the record.  Did you or an authorized representative

18  of Targa Badlands have an opportunity to review and discuss

19  that --

20                  THE DEFENDANT:  Yes, Your Honor.

21                  THE COURT:   -- plea agreement supplement with

22  Mr. Collins before it was signed?

23                  THE DEFENDANT:  Yes, Your Honor.

24                  THE COURT:  All right.  You have the right to have me

25  read the information pending against your company or I can

1  summarize it in taking your change of plea.  How do you wish to

2  proceed?

3          THE DEFENDANT:  Summary is fine.

4          THE COURT:  All right.  Targa Badlands LLC, with

5  regard to the information charging you with Clean Air Act

6  NESHAP ZZZZ violation, how do you now plead to the charge?

7  Guilty or not guilty?

8          THE DEFENDANT:  Guilty, Your Honor.

9          THE COURT:  Mr. O'Konek, would you review the facts

10  the Government would present and prove up at trial to establish

11  this company's guilt?

12          MR. O'KONEK:  Yes, Your Honor.

13          Targa Badlands LLC is a North Dakota company that

14  operates six natural gas compressor stations on the Fort

15  Berthold Indian Reservation.

16          Between 2018 and 2022, Targa Badlands LLC operated

17  the Johnson Compressor Station located in Dunn County, North

18  Dakota, near Mandaree but it failed to timely install a

19  continuous parameter monitoring system, CPMS's, on two of their

20  compressor station engines when required to do so under NESHAP.

21  Specifically these RICE or reciprocating internal combustion

22  engines produce certain hazardous air pollutants, like benzene

23  and formaldehyde.  And when Targa Badlands LLC had sought an

24  EPA permit modification to go from an area source to a major

25  source, they were required to install these devices to ensure

1  that the catalyst that makes these bad gasses inert was in

2  place; the CPS will monitor performance of the catalyst.  Targa

3  Badlands failed to do so on two of its engines and as stated in

4  the plea agreement, Targa Badlands had on two prior occasions

5  had civil penalties entered into for consent agreement and

6  final orders with the EPA.

7          And I would say to their credit, though, Targa

8  Badlands LLC did self-identify, self-reported, and corrected

9  the timely failure to install these CPMS devices by submitting

10  a notice to the EPA about the failure to do so and have since

11  taken corrective actions in order to ensure that the Fort

12  Berthold population is protected from hazardous air pollutants.

13          THE COURT:  Thank you, Mr. O'Konek.

14          Mr. Laeger, you've heard the facts the Government

15  would present and prove up at trial.  We've also reviewed the

16  facts stated in paragraph 6 of the plea agreement.  Do you

17  admit on record here today that all of those facts are true and

18  correct?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  And do you admit that those facts are

21  sufficient evidence for a jury to find your company guilty

22  beyond a reasonable doubt of the charge lodged against it in

23  the information from the United States?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Then it is the finding of the Court in

1   the case of the United States of America versus Targa Badlands

2   LLC, that the defendant is fully competent and capable of

3   entering an informed plea, the defendant is aware of the nature

4   of the charges and the consequences of the plea, and that the

5   plea of guilty is a knowing and voluntary plea supported by an

6   independent basis in fact containing each of the essential

7   elements of the offense.  The plea is therefore accepted and

8   Targa Badlands LLC is now adjudged guilty of that offense.

9           I'm ordering that a presentence investigation report

10  be prepared by the probation office.  Carly Dalbey has been

11  assigned to prepare that presentence investigation report and

12  you or the company or someone from the company will be

13  interviewed by Ms. Dalbey.  You have the right to have

14  Mr. Collins present when they interview occurs and the purpose

15  of the interview is to gather information about the company to

16  prepare the presentence investigation report.

17          Once that report is prepared, Ms. Dalbey will forward

18  a copy of it to Mr. Collins and also to Mr. O'Konek or to

19  Ms. Russell at the U.S. Attorney's Office.  I want you to read

20  through it carefully and identify any errors that might be in

21  the report because the report is provided to you before it's

22  filed for my review.  And if there are any errors, Ms. Dalbey

23  can make changes to the document before it's filed for my

24  review and if changes aren't made to your satisfaction and to

25  that of Mr. Collins, your attorney, he can file formal

1    objections that I will consider at the time of your sentencing

2    which is now scheduled for May 22, 2025, at 2:30 p.m.  Both you

3    and Mr. Collins will be able to provide me a recommendation as

4    to an appropriate sentence.  As I understand it, there is a

5    joint recommendation coming from the United States in this

6    case.  Do you have any questions for me, sir?

7                THE DEFENDANT:  No, Your Honor.

8                THE COURT:  Anything else from the United States?

9                MR. O'KONEK:  No, Your Honor.  Thank you.

10               THE COURT:  From the defense, Mr. Collins?

11               MR. COLLINS:  No, Your Honor.

12               THE COURT:  If there's nothing further, we're off the

13   record.

14               (Proceedings concluded at 3:54 p.m., the same day.)

15

16

17

18

19

20

21

22

23

24

25

1                    <u>CERTIFICATE OF COURT REPORTER</u>

2          I, Ronda L. Colby, a Certified Realtime Reporter and

3    Registered Merit Reporter,

4          DO HEREBY CERTIFY that I recorded in shorthand the

5    foregoing proceedings had and made of record at the time and

6    place hereinbefore indicated.

7          I DO HEREBY FURTHER CERTIFY that the foregoing

8    typewritten pages contain an accurate transcript of my

9    shorthand notes then and there taken.

10         Dated at Bismarck, North Dakota, this 21st day of

11   February, 2025.

12

13

14

15                        /s/ *Ronda L. Colby*

16                        _____
                          RONDA L. COLBY, RPR, CRR, RMR
17                        United States District Court Reporter
                          District of North Dakota
18                        Western Division

19

20

21

22

23

24

25